UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | |
|---|---|
| TIERA TOWNS, | Case No. **24-2349 SECT.DMAG.1** |
| Plaintiff, | |
| vs. | COMPLAINT FOR EMPLOYMENT DISCRIMINATION |
| ASCENSION DEPAUL SERVICES, INC. d/b/a DEPAUL COMMUNITY HEALTH CENTERS and PHARISSA ROBINSON, Vice President of Human Resources at DePaul Community Health Services | JURY TRIAL DEMANDED |
| Defendants, | |

NOW COMES, Plaintiff, Tiera Towns, a resident citizen of Jefferson Parish, Louisiana, by Pro Se, files this Complaint for violation of x29 U.S.C §218d and 42 U.S.C. 2000e by the Defendants, Ascension DePaul Services, a nonprofit corporation incorporated under the laws of Louisiana and Pharissa Robinson, the Vice President of Human Resources, at DePaul Community Health Services, and in support thereof states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Tiera Towns, is resident citizen of Jefferson Parish, Louisiana, whose address is 1239 Taylor Street, Kenner, Louisiana 70062. Plaintiff filed an EEOC Charge of Discrimination on 8/7/23, attached hereto as Exhibit "A." Plaintiff filed an EEOC Amended Charge of Discrimination on 9/21/23, attached hereto as Exhibit "B." Plaintiff received a right to sue letter,

attached hereto as Exhibit "C." Plaintiff's medical progress notes are attached hereto as Exhibit "D."

2. Defendant, Ascension DePaul Services, Inc., is a nonprofit corporation incorporated under the laws of Louisiana.

3. Plaintiff is informed and believes, and based thereon alleges, the defendant, Pharissa Robinson, is the Vice President of Human Resource at DePaul Community Health Centers.

4. This action arises under 29 U.S.C. § 201 et seq. and 42 U.S.C. 2000e. Jurisdiction is therefore proper under 28 U.S.C § 1331.

5. Venue in this jurisdiction is proper under U.S.C. § 1391 (b) (c) & (d). Defendant committed infringing acts on a continual basis alleged below within the district of this Court.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

6. Plaintiff, Tiera Towns, was an employee of Defendant, and operated as the Dental Operating Manager since September 9, 2019. Plaintiff went out on maternity leave on or about June 20, 2022. Upon Plaintiff's return from maternity leave, on or about September 22, 2022, Plaintiff emailed Defendant Robinso

7. n to inquire about a designated area Plaintiff might use to pump breast milk twice a day. Defendant Robinson informed Plaintiff of a lactation nook located in a room in the WIC Clinic.

8. The lactation nook was not private. It was located in a room where two other employees worked. The lactation nook did not have a door, a lock, or a sign to maintain privacy and prevent intrusion from staff and patients.

9. On or about December 1, 2022, Plaintiff informed WIC staff of her intent to pump in the designated lactation nook. While Plaintiff was pumping, the same staff member returned to the designated lactation nook and saw Plaintiff's exposed breast while Plaintiff was pumping. Plaintiff was not made aware that her designated room was being used for HIV and AIDS testing. Staff

continued to bring patients into the room while Plaintiff was pumping in the lactation nook. Plaintiff could hear staff and patients discuss sensitive information such as medical histories, sexual activity, and medications.

10. Plaintiff immediately informed Defendant Robinson about the lack of privacy in the designated lactation nook. Defendant Robinson assured Plaintiff this was not the experience wanted for nursing mothers within the facility. Plaintiff was assured there would be a new private location for pumping within the facility in the next twenty-four hours post-correspondence.

11. As of December 7, 2022, no accommodations were made for Plaintiff. Although using the nook was causing great stress, Plaintiff cooperated with management in hopes accommodations would be made. When Plaintiff tried to use the lactation nook to pump, she discovered it was unavailable because it was occupied by a male employee and a patient. Plaintiff had no choice but to pump in an open cubical in an area shared amongst employees and patients. Plaintiff made Defendant Robinson aware of the incident and expressed that she was uncomfortable pumping in an open space given her experience the prior week.

12. Defendant Robinson informed Plaintiff that human resources recommended putting locks on the door to the designated room with the lactation nook, but locks were not placed on the door.

13. Plaintiff also worked at three separate clinics that operate under Defendant Ascension DePaul Services. Two of the clinics, the Gentilly and St. Cecilia clinics, did not offer designated areas for Plaintiff to pump. This led Plaintiff to pump in her car when working at these locations, and Plaintiff informed Defendant Robinson that she was struggling to maintain milk supply due to the lack of designated areas to pump.

14. On or about December 20, 2022, Human Resources informed Plaintiff via email that they would not able to do anything different because there was no space available to accommodate Plaintiff.

15. Plaintiff contacted human resources on or about January 12, 2023, to clarify the usability of designated rooms for lactation. Plaintiff informed human resources that she still had not received accommodations for her pumping needs. Plaintiff informed human resources that she was still having to pump in the designated room without a lock, a cubicle with an opening located in a shared space, and in her car when traveling to the Gentilly and St. Cecilia clinics; and the stress of not having proper accommodations caused a decrease in Plaintiff's milk supply. Defendant Robinson agreed that a space without a door was insufficient and informed Plaintiff portable rooms were being purchased for all locations. Plaintiff was informed Defendant received grant money to purchase and install the portable rooms. Defendant assured Plaintiff she would be appointed to an interim space for pumping until the portable rooms arrived.

16. Almost a month afterwards, Plaintiff still had not been appointed to an interim location like Defendant Robinson had promised, and the portable rooms had still not arrived for Plaintiff's use. When Plaintiff followed up with Defendant Robinson about the portable rooms, Defendant assured Plaintiff that the portable rooms would be ready for installation soon. Because they had not arrived, Plaintiff had to continue to use the nook when it was available, the cubical, or her vehicle.

17. On or about March 8, 2023, Plaintiff was informed that two rooms on the first floor would be available for lactation. Even though one of the rooms was later confirmed to be off limits due to a contract with a research team to see patients, Plaintiff was never given an exact location of

the other room. Plaintiff's supervisor requested the exact location of the room from Defendant Robinson on March 9, 2023 and March 23, 2023 to which Defendant did not respond.

18. On or about April 11, 2023, Plaintiff sent a follow up email to Defendant because she never received access or the exact location of the room which was supposed to be made available for lactation purposes. Although Defendant Robinson states that rooms were made available to Plaintiff, a lock was not installed to one room that was supposed to be assigned and the other was not consistently available for Plaintiff's use. Also, Plaintiff continued to pump in her car at the Gentilly and St. Cecilia clinics because there was no designated room for lactation nor were the portable rooms available.

19. On or about 4/17/23, Plaintiff was appointed to room 28 for her lactation purposes. The room was not consistently available. On 4/19/23, the room lock showed "vacant", but as Plaintiff opened the door, she discovered the room was occupied by a patient. Plaintiff immediately informed Defendant Robinson that the room was not available as it was being used f

20. or patient care. She asked Defendant Robinson to ensure room 28 was the proper room, but she never heard back from Defendant Robinson.

21. Plaintiff's child turned one year old on June 30, 2023. Defendant was required to provide accommodations for Plaintiff's pumping needs until up to one year following the birth of the child. Plaintiff never heard back from Defendant Robinson after Plaintiff made the 4/19/23 inquiry about room 28 nor were the portable rooms made available for Plaintiff's use.

22. On or about 4/17/23 Plaintiff was diagnosed with adjustment disorder with anxiety because of the stress over the lack of proper accommodations at work for her breast pumping needs, and in turn the stress caused a reduction in Plaintiff's milk supply for her child.

23. Defendants are liable to Plaintiff as follows:

Count I: Defendants were in direct violation of 29 U.S.C §218d. Plaintiff did not consistently have a designated area for her breast pumping needs that was shielded from view, free from intrusion, or functional as a space for expressing breast milk.

Count II: Defendants were in direct violation of 42 U.S.C. 2000e. Defendants did not make reasonable accommodations for Plaintiff's known limitations related to pregnancy and childbirth.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** the plaintiff, Tiera Towns, Pro Se, therefore, requests actual and punitive damages in an amount to be determined by jury, reinstatement, and reasonable attorney's fees, and plaintiff prays for judgment as follows:

1. For punitive, exemplary and/or treble damages, according to proof.
2. For an award of attorney's fees and costs;
3. For such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

_____
Tiera Towns, Pro Se

Tiera Towns, Plaintiff, Pro Se
Ph:   662-251-2527/cell
Add:  1239 Taylor Street
City: Kenner
State: LA 70062

_____  9/26/2024
Signature Date