Case 2:24-cv-02349-WBV-JVM   Document 13   Filed 01/31/25   Page 1 of 4

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED     Jan 31 2025

CAROL L. MICHEL
CLERK

SP                    Walk-In

UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | |
|---|---|
| TIERA TOWNS, <br><br> Plaintiff, <br> vs. <br><br> ASCENSION DEPAUL SERVICES, INC. d/b/a DEPAUL COMMUNITY HEALTH CENTERS <br> Defendants, | ) <br> ) <br> ) Civil Action No. 24-2349 <br> ) <br> ) SECTION: "D" (1) <br> ) <br> ) JUDGE WENDY B. VITTER <br> ) <br> ) <br> ) MAGISTRATE JUDGE <br> ) JANIS VAN MEERVELD <br> ) |

---

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE MOTION TO DISSMISS**

---

NOW COMES, Plaintiff, Tiera Towns, a resident citizen of Jefferson Parish, Louisiana, by Pro Se, hereby submits **Plaintiff's Memorandum of Authorities In Opposition to the Motion To Dismiss** and requests that Plaintiff's Complaint for violation of 29 U.S.C §218d and 42 U.S.C. 2000e by the Defendants, Ascension DePaul Services, a nonprofit corporation incorporated under the laws of Louisiana and in support thereof states as follows be heard:

### STATEMENT OF FACTS

1.  Plaintiff, Tiera Towns, is resident citizen of Jefferson Parish, Louisiana, whose address is 1239 Taylor Street, Kenner, Louisiana 70062. Plaintiff filed an EEOC Charge of Discrimination on 8/7/23, Plaintiff filed an EEOC Amended Charge of Discrimination on 9/21/23. Plaintiff received a right to sue letter.

2.  Defendant, Ascension DePaul Services, Inc., is a nonprofit corporation incorporated under the laws of Louisiana.

3.  Plaintiff filed her complaint with the Pro Se' Unit in the U. S. District Court Office for the Eastern District of Louisiana on September 26, 2024.

4.  Plaintiff was notified on November 5, 2024 by the U. S. Marshall Service of Eastern District of Louisiana that she was missing Form USM-285 for each person, business or entity to be served was missing. (See Attached Copy of Plaintiff's Exhibit "A"). This caused delayed time for the U. S. Marshall's to serve the Defendants'. All documents were submitted on or before November 26, 2024.

## LEGAL ARGUMENT

**A.   Summary Judgment Standard**

Summary judgment shall be rendered when "the pleadings, depositions, answers to pleadings on file…show that there is no genuine issue of any material fact, and that moving parting is entitled to heard on record and entitled to a judgment, settlement, or mediation as a matter of law. The moving party bears the burden of showing of proof and that genuine issue of material facts exists, whereas the non-moving party is given the benefit of the doubt as to the existence of a material fact. The party opposing the motion to dismiss should be denied and set aside, and "may not rest upon the mere allegations or denial of his pleadings, but his response, by affidavits or as otherwise provided must set forth specific facts showing that there is a genuine issue for trial. When considering a motion, evidence must viewed in the most favorable light and giving Plaintiff the opportunity to show genuine issue of material facts for t trial and the movant is entitled to a judgment as a matter of law, summary judgment is appropriate.

5.  Plaintiff admits the (90) days for process service was set to expire by December 26, 2024.

6.  Plaintiff admits that further delay of the U. S. Marshall's office was no fault of the Plaintiff as she acting base solely from direction Plaintiff was given by the Pro Se Unit to complete.

7.  Plaintiff further admits and by the time she returned the forms, the U. S. Marshall's filed the forms and gave Plaintiff a scheduling date of Feb. 26, 2025 in which the Defendant's would be able to serve.

8.  Plaintiff admits having record that she kept calling the U. S. Marshall's office and their phone were out of order.

9.  Plaintiff admits to calling the Pro Se Unit to get the fax no. to the U. S. Marshalls office and Plaintiff sent a request for their office to contact her. (See Attached Copy of Plaintiff's Exhibit "B").

10. Plaintiff admits she was contacted and still no action was taken if the U. S. Marshall's office would be able to serve Defendant(s) on or before December 26, 2024.

11. This action arises under 29 U.S.C. § 201 et seq. and 42 U.S.C. 2000e. Jurisdiction is therefore proper under 28 U.S.C § 1331.

12. Venue in this jurisdiction is proper under U.S.C. § 1391 (b) (c) & (d). Defendant committed infringing acts on a continual basis alleged below within the district of this Court.

### B. Assessment of damages

Tiera Towns respectfully requests that the Court assess damages against Ascension Depaul Services, Inc. and in favor of Tiera Towns.

This the 31st day of January, 2025.

                                                      Respectfully Submitted,

                                                      _____
                                                      Tiera Towns, Pro Se

Respond to:

Tiera Towns, Plaintiff, Pro Se
Ph:   662-251-2527/cell
Add:  1239 Taylor Street
City:  Kenner
State: LA 70062